IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of | ) | PER CURIAM DECISION |
| J.S., a person under eighteen | ) | |
| years of age. | ) | Case No. 20120080-CA |
| _____ | ) | |
| | ) | F I L E D |
| E.D.L., | ) | (April 12, 2012) |
| | ) | |
| Appellant, | ) | 2012 UT App 107 |
| | ) | |
| v. | ) | |
| | ) | |
| State of Utah, | ) | |
| | ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1055754
The Honorable Jeffrey R. Burbank

Attorneys:    Colleen K. Coebergh, Salt Lake City, for Appellant
              Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
              Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Davis, and Christiansen.

¶1     E.D.L. (Father) appeals the juvenile court's January 23, 2012 adjudication order. We affirm.

¶2     Father asserts that the juvenile court's colloquy was insufficient because it failed to fully inform him of the legal significance of reunification services, and that his

admissions may be used against him in subsequent proceedings to terminate his parental rights.

¶3    Utah Code section 78A-6-311 provides that "[i]f, at the adjudication hearing, the court finds, by clear and convincing evidence, that the allegations contained in the petition are true, it shall conduct a dispositional hearing." Utah Code Ann. § 78A-6-311(1). Rule 34(e) of the Utah Rules of Juvenile Procedure provides that "[a] respondent may answer by admitting or denying the specific allegations of the petition, or by declining to admit or deny the allegations." Utah R. Juv. P. 34(e). "Allegations not specifically denied by a respondent shall be deemed true." *Id.*

¶4    There is no requirement under rule 34(e) that requires the juvenile court to conduct a colloquy before accepting a parent's admissions. Despite this, Father asserts that the juvenile court should have more fully explained the legal significance of his actions before accepting his admissions. Furthermore, although the juvenile court was not required to engage in a colloquy under rule 34(e), the record reflects that the juvenile court ensured that Father was acting freely and voluntarily and that no one was forcing or coercing his decision in any way.

¶5    Father concedes that under rule 35(b) of the Utah Rules of Juvenile Procedure, the juvenile court is required to "explain the nature of the action" only if the parent waives the right to counsel and the parent elects to proceed pro se. *See Id.* R. 35(b). Furthermore, the record demonstrates that Father was represented by counsel and that Father indicated that he was satisfied with his counsel's advice.[1]

¶6    Moreover, the juvenile court also questioned Father as to whether he understood that he would be giving up his right to a trial that would require the State to prove the contents of its petition by clear and convincing evidence. Father indicated that he

---

[1]Father had statutory notice of the requirements set forth in the Juvenile Court Act. *See In re M.J.*, 2011 UT App 398, ¶ 53, 266 P.3d 850. This court has previously determined that the trial court can reasonably expect trial counsel in child welfare matters to advise the client of the legal significance of the client's actions. *See id.*

understood the consequences of his admissions. Father fails to demonstrate that the juvenile court erred in its January 23, 2012 adjudication order.

¶7    Affirmed.

_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge


_____
Michele M. Christiansen, Judge