**2013 UT App 14**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.D. AND C.M.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

S.S.,
*Appellant,*

*v.*

STATE OF UTAH,
*Appellee.*

Per Curiam Decision
No. 20120790-CA
Filed January 25, 2013

Fourth District Juvenile, Provo Department
The Honorable Kay A. Lindsay
No. 1072055

David R. Boyer, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES DAVIS, MCHUGH, AND VOROS.

PER CURIAM:

¶1 S.S. (Mother) appeals the juvenile court's October 11, 2012 order adjudicating her children as neglected. The order placed J.D. in the temporary custody of his father and placed C.M. in the temporary custody of the Division of Child and Family Services. We affirm.

¶2 Mother asserts that the juvenile court erred by failing to construe her September 14, 2012 pro se notice of appeal as a motion

to withdraw her rule 34(e) plea. "It is the substance, not the labeling, of a [pleading] that is dispositive in determining the character of the [pleading]." *Bishop v. GenTec Inc.*, 2002 UT 36, ¶ 28, 48 P.3d 218. Here, both the labeling and the substance of Mother's pleading is consistent with a notice of appeal. The document is unambiguously titled, "Notice of Appeal." Furthermore, the substance of Mother's September 14, 2012 pro se notice of appeal clearly indicates her intention to appeal the juvenile court's August 30, 2012 ruling. Mother plainly stated "I would like to appeal Judge Lindsay's ruling from August 30, 2012." Mother's September 14, 2012 notice of appeal also seeks to challenge the juvenile court's "unsubstantiated findings and claims." Mother fails to demonstrate that the juvenile court erred by declining to construe her September 14, 2012 notice of appeal as a motion to withdraw her rule 34(e) pleas.

¶3    Mother next asserts that her rule 34(e) pleas were not knowingly and voluntarily entered because she did not understand the consequences of a rule 34(e) plea. Utah Code section 78A-6-311 provides that "[i]f, at the adjudication hearing, the court finds, by clear and convincing evidence, that the allegations contained in the petition are true, it shall conduct a dispositional hearing." Utah Code Ann. § 78A-6-311(1) (LexisNexis 2012). Rule 34(e) of the Utah Rules of Juvenile Procedure provides that "[a] respondent may answer by admitting or denying the specific allegations of the petition, or by declining to admit or deny the allegations." Utah R. Juv. P. 34(e). "Allegations not specifically denied by a respondent shall be deemed true." *Id.* There is no requirement under rule 34(e) that the juvenile court conduct a colloquy before accepting a parent's rule 34(e) admissions. *See In re J.S.*, 2012 UT App 107, ¶ 4, 276 P.3d 1238.

¶4    Although the juvenile court was not required to engage in a colloquy under rule 34(e), the record demonstrates that the juvenile court fully explained that Mother had the right to a trial in which the State would bear the burden of proving all of the allegations in the petition as true by clear and convincing evidence.

Mother affirmatively waived her right to a trial and the juvenile court confirmed that Mother desired to waive her right to trial. Although the juvenile court was not required to do so, the juvenile court also had counsel explain to all parties the nature of a rule 34(e) plea and that such pleas would be accepted as true and held against Mother by the clear and convincing standard. Mother fails to demonstrate that the juvenile court erred in its October 11, 2012 adjudication order.

¶5      Affirmed.

————